IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MORRIS BARREN,<br>            Plaintiff,<br><br>vs.<br><br><br>ALLEGHENY COUNTY,<br>PENNSYLVANIA; WILKINS<br>TOWNSHIP POLICE DEPARTMENT;<br>WILKINSBURG POLICE DEPARTMENT;<br>OFFICE OF THE DISTRICT ATTORNEY<br>COUNTY OF ALLEGHENY;<br>PENNSYLVANIA OFFICE OF THE<br>ATTORNEY GENERAL; SERGEANT<br>RANDY LAMB; OFFICER ALBERT<br>STANONIK; OFFICER DAVID<br>BROKAW; AGENT FRAN SPERANZA;<br>AGENT RICK BOSCO; DETECTIVE<br>CHARLES KNOX; A.D.A. THOMAS T.<br>SWAN; JUDGE ROBERT COLVILLE,<br>*individually and in their official*<br>*capacities,*<br>            Defendants. | Civil Action No. 14-692<br><br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed before being served pursuant to the Prison Litigation Reform Act because it fails to state a claim upon which relief can be granted.

### II. REPORT

David Morris Barren ("Plaintiff") is currently a federal prisoner who seeks to sue a number of individuals, who were involved either in the search of his hotel and car which

occurred in March 2003 or who were involved in the forfeiture of property seized in those searches. Plaintiff also names as defendants, the governmental units who employed the individual defendants. The state court forfeiture proceedings, which divested Plaintiff of some of the seized property, also occurred in March 2003. Plaintiff asserts that his constitutional rights were violated by the searches and seizures and by the state court forfeiture proceedings.

The instant civil rights Complaint should be dismissed for several reasons, including that: 1) the claims are time barred, given that Plaintiff's cause of action accrued in March 2003 and he did not file the present action until May of 2014; 2) the Rooker-Feldman doctrine bars this Court from reviewing what transpired in the state court forfeiture proceedings and from holding that those state court forfeiture proceedings violated Plaintiff's rights; and 3) the doctrines of judicial immunity, prosecutorial immunity and testimonial immunity bar Plaintiff's claims against some of the individual defendants.

## A. PROCEDURAL AND FACTUAL HISTORY

Plaintiff, proceeding pro se, filed his Motion for Leave to Proceed In Forma Pauperis, ECF No. 1, which was granted. ECF No. 2. Plaintiff's Complaint was filed. ECF No. 3. The Complaint primarily concerns incidents that occurred in March, 2003.

Specifically, Plaintiff complains that Sergeant Randy Lamb, Officer Albert Stanonik, Agent Fran Speranza, Agent Rick Bosco, and Detective Charles Knox searched his hotel rooms on March 4, 2003 and illegally seized him and seized items of property belonging to him. Id., ¶ 13. After the initial search and seizure, Plaintiff complains that Sergeant Lamb, Officer David Brokaw and other officers again illegally searched his hotel rooms. Id. ¶ 25. Plaintiff also asserts that his car, which was apparently parked at the hotel, was seized on March 4, 2003. When

Sergeant Lamb and Officer Brokaw searched Plaintiff's car, they discovered a gun in the vehicle. Id. ¶ 30.

Plaintiff also complains that on March 12, 2003, the Commonwealth of Pennsylvania, represented by defendant, Assistant District Attorney Thomas T. Swan, caused to be forfeited $62,055.00, in addition to a money counter and a heat sealer which were seized from Plaintiff's hotel rooms on March 4, 2003. Id., ¶ 33. Plaintiff further complains that the order of forfeiture was signed by Judge Robert Colville.[3] Plaintiff alleges that on March 13, 2003, an amended order of forfeiture was entered by Judge Colville which amended the amount forfeited from $62,055.00 to $62,105.00. Id. ¶ 35. Plaintiff asserts that the first order of court is missing Plaintiff's signature or the signature of any consenting party. Id. ¶ 37. Plaintiff asserts that he was unaware of both the forfeiture proceedings held on March 12, 2003, and the amending of the order that occurred on March 13, 2003. Id. ¶ 39. Plaintiff asserts that he was not present in court on either March 12, or 13, 2003 for the forfeiture proceedings. Plaintiff concludes that clearly "there was no written, or oral motion/petition filed in this forfeiture matter. And, the Order of Court from March 12, 2003, does not express any Pennsylvania Statute or Law upon which the forfeiture rests." Id. ¶ 44.

Plaintiff alleges that the foregoing demonstrates violations of his Fourth, Fifth, and Fourteenth Amendment rights, in addition to demonstrating that his due process rights were violated through abuse of process and breach of fiduciary duty. Id. at 11 & 12.

---

[3] It appears that Plaintiff's allegations as to "Judge Robert Colville" related to Judge Robert E. Colville, who, at that time, served as a Judge in the Criminal Division of the Court of Common Pleas of Allegheny County.

By way of relief, Plaintiff "prays for judgment in his favor and requests an injunction against Defendant-Robert Colville's orders rendering them a nullity, and void." Id. ¶ 55. In addition, Plaintiff seeks declaratory relief and damages. Id. ¶¶ 56-57.

B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A and 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001).  The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the

5

court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

C. DISCUSSION

**1. Plaintiff's Claims Are Time Barred.**

All of Plaintiff's claims are time barred. Plaintiff specifically invokes 42 U.S.C. § 1983 as the jurisdictional basis for this lawsuit. ECF No. 3, ¶ 1 ("The matters in controversy arise under 42 U.S.C. § 1983").

The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42

Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had. See, e.g., Mumma v. High–Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). In the instant case, the bar of the statute of limitations is apparent from the face of the Complaint and matters of which judicial notice may be taken.

Herein, the wrongs complained of by Plaintiff, allegedly occurred in March 2003, and, therefore, accrued at that time. Plaintiff did not "file"[1] his application to proceed IFP, which would stop the running the of the statute of limitations,[2] until, at the earliest, May 20, 2014, *i.e.*, more than twelve years after the alleged wrongs were perpetrated by the Defendants.

Plaintiff clearly knew of the alleged improper searches at the time. Insofar as the forfeiture proceedings are concerned, we note that Plaintiff has, in another similar lawsuit, made

---

[1] Plaintiff's application for IFP status was not signed until May 20, 2014, ECF No. 1 at 1, which is the earliest this court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[2] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

an admission that Plaintiff "did not know about the forfeiture proceeding executed against him until 2009[']". Commonwealth of Pennsylvania v. Sixty Eight Thousand Nine Hundred Fifty Dollars, No. 2:14-cv-622 (W.D. Pa. ECF No. 1-1 at 3, filed 5/13/2014). Even assuming the Plaintiff only learned of the forfeiture proceeding on December 31, 2009, and giving him the benefit of the discovery rule, the present suit, raising the alleged wrongfulness of the forfeiture proceedings was not filed until more than four years after Plaintiff allegedly learned of the forfeiture proceedings. Thus, it is clear from the face of the Complaint and matters of which judicial notice may be taken, that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the Complaint should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

Similarly, Plaintiff's claims against the government employers of the individual defendants are time barred. Plaintiff seeks to hold the government employers liable based on their alleged failure to "properly hire and train their employees/human servants as to the respect due, and propriety in safeguarding the Plaintiff-Mr. Barren, or any other citizens['] constitutional rights." ECF No. 3 at 12. Such failures to hire and or train on the parts of the government employers must necessarily have occurred before the acts of the individual defendants, occurring in 2003, which gave rise to this lawsuit. Hence, it is clear from the face of the Complaint that the claims against the government employers are likewise time barred and must be dismissed.

**2. The Rooker-Feldman Doctrine Bars Review of the Forfeiture Proceedings.**

By this Complaint, Plaintiff is attempting to establish the alleged illegality of the state court forfeiture proceedings. In essence, Plaintiff asks this Court to review the state court forfeiture proceedings and conclude that those proceedings were illegal and/or wrong. However, federal courts, other than the United States Supreme Court, have no power to act in an appellate capacity to state courts as is made clear by the Rooker-Feldman doctrine. See, e.g., Robinson v. New Jersey Mercer County Vicinage-Family Div., 514 F. App'x 146, 150 (3d Cir. 2013) ("The Rooker–Feldman doctrine 'precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court.'") (quoting Madera v. Ameriquest Mortg. Co. (In re Madera), 586 F.3d 228, 232 (3d Cir. 2009)) (some internal quotation marks omitted).

Accordingly, Plaintiff's claims concerning the alleged unconstitutionality of the state court forfeiture proceedings must be dismissed for failure to state a claim upon which relief can be granted.

**3. Various Immunity Doctrines Protect Some of the Defendants.**

**a) Judge Colville is entitled to absolute judicial immunity.**

Plaintiff is attempting to sue Judge Colville for actions that he took in connection with presiding over Plaintiff's forfeiture proceedings. However, these claims are clearly barred by the doctrine of judicial immunity.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only

immune from damages but also immune from suit. Id., at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the Complaint makes clear that the actions taken by Judge Colville and complained of by the Plaintiff were actions taken in Judge Colville's judicial capacity. Even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Because Judge Colville enjoys absolute judicial immunity for his actions taken in connection with the forfeiture proceedings, the Complaint must be dismissed pursuant to the screening provisions of the PLRA for failure to state a claim upon which relief can be granted. See, e.g., Tinsley v. Singleton, Civ.A. No. 8:08-532, 2008 WL 759082, at *2 (D.S.C. March 20, 2008) ("Defendant Norton's activities in setting bond and ruling on motions to suppress evidence and/or to release seized property are performed as part of his judicial duties. As such, Norton's performance of those duties are protected from damage claims under the doctrine of absolute judicial immunity.").[4]

---

[4] To the extent that the Plaintiffs' requested relief can be construed as a request for injunctive relief against Judge Colville, such claims for injunctive relief are likewise subject to the bar of judicial immunity. What the court held in Fox v. Lee is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation

(…footnote continued)

### b) Prosecutorial immunity protects Defendant Swan.

Prosecutors enjoy absolute immunity from Section 1983 suits seeking money damages for actions taken by the prosecutor that are "intimately associated with the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Defendant Swan's decision to initiate and to prosecute the forfeiture action against Plaintiff and his property are actions that are "intimately associated with the judicial process" so as to entitle Defendant Swan to absolute prosecutorial immunity. See, e.g., Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) ("the individual prosecutors were entitled to absolute immunity in their personal capacities [for their actions in connection with the forfeiture proceedings]. *See Schrob v. Catterson*, 948 F.2d 1402, 1411-13 (3d Cir. 1991) (holding prosecutor's initiation of an in rem civil proceeding for the forfeiture of criminal property was protected by absolute immunity).").

### c) Sergeant Lamb is entitled to absolute witness immunity.

It appears that Plaintiff may be seeking to render Sergeant Lamb liable for his testimony at Plaintiff's criminal trial. In the Complaint, Plaintiff asserts that he "continues to suffer a current and continuing harm as a result of Defendant-Randy Lamb's trial testimony which took place on November 3rd and 4th of 2009. Said testimony created false impressions of material facts as they pertain to the events complained of herein." ECF No. 3, ¶ 48.

---

of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle*, 43 F.Supp.2d 265, 273 (E.D.N.Y.1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n. 3 (D.N.J. June 15, 1998)(same).

Fox v. Lee, 99 F.Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, any claims for injunctive relief against Judge Colville should be dismissed as well.

To the extent that Plaintiff seeks to hold Sergeant Lamb liable for his testimony at Plaintiff's criminal trial, Plaintiff's claim fails to state a claim upon which relief can be granted because Sergeant Lamb is entitled to absolute witness immunity.

Under the common law, witnesses who testified in judicial proceedings were absolutely immune from any liability for such testimony. Briscoe v. La Hue, 460 U.S. 325 (1983). The United States Supreme Court has held Congress did not abrogate that common law immunity under 42 U.S.C. § 1983, i.e., the Civil Rights statute. Id. Accordingly, a civil rights suit brought against an individual seeking to make the individual liable for testimony given in a judicial proceeding is barred under the witness immunity doctrine. See id. The shield of witness immunity is not even pierced by allegations of perjury. For example, in Briscoe, the Supreme Court held that a police officer who was sued under 42 U.S.C. § 1983, by a criminal defendant for allegedly giving perjured testimony was held to be absolutely immune from suit as the police officer came within the common law doctrine of witness immunity. As one court has held, "Police officers have the same absolute immunity as lay witnesses in testifying at trial or before a grand jury. As with any witness testifying under oath, the penalty for false testimony is potential prosecution for perjury. Because a preliminary hearing is a judicial proceeding, Myles enjoys absolute immunity from civil liability damages resulting from his testimony." Scarbrough v. Myles, 245 F.3d 1299, 1305 (11th Cir. 2001)(citations and footnotes omitted). Because any claim against Sergeant Lamb regarding his testimony at Plaintiff's criminal trial is subject to absolute immunity, any such claim must be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action should be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: July 21, 2014

Respectfully submitted,

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fisher
United States District Judge

David Morris Barren
09803-068
Hazelton -U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 200
Bruceton Mills, WV 26525