## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MORRIS BARREN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-692 |
| | ) | |
| | ) | Judge Nora Barry Fischer/ |
| ALLEGHENY COUNTY, | ) | Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA; WILKINS | ) | |
| TOWNSHIP POLICE DEPARTMENT; | ) | |
| WILKINSBURG POLICE DEPARTMENT; | ) | |
| OFFICE OF THE DISTRICT ATTORNEY | ) | |
| COUNTY OF ALLEGHENY; | ) | |
| PENNSYLVANIA OFFICE OF THE | ) | |
| ATTORNEY GENERAL; SERGEANT | ) | |
| RANDY LAMB; OFFICER ALBERT | ) | |
| STANONIK; OFFICER DAVID | ) | |
| BROKAW; AGENT FRAN SPERANZA; | ) | |
| AGENT RICK BOSCO; DETECTIVE | ) | |
| CHARLES KNOX; A.D.A. THOMAS T. | ) | |
| SWAN; JUDGE ROBERT COLVILLE, | ) | |
| *individually and in their official* | ) | |
| *capacities,* | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights complaint was received by the Clerk of Court

on May 29, 2014, and was referred to United States Magistrate Judge Maureen P. Kelly for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (the "Report"), ECF No. 8, filed on

July 21, 2014, recommended that the Complaint be dismissed pre-service pursuant to the Prison

Litigation Reform Act for failure to state a claim upon which relief can be granted. Service of the

Report was made on the Plaintiff at his address of record. Plaintiff was given until August 7,

2014 to file any objections. Plaintiff objections were docketed on August 8, 2014 but are deemed timely filed pursuant to the prisoner mail box rule. The Court finds that none of the objections merits rejection of the Report or extended comment.

The Report first found that most of Plaintiff's claims concerning the stop and search and seizure of Plaintiff's property, all of which occurred in March 2003, were barred by the two year statute of limitations. In his Objection 1, Plaintiff objects to the Report's reliance on the statute of limitations, asserting that the "due process violations complained of have been continuous and ongoing," invoking the fraudulent concealment doctrine. ECF No. 9 at 1.

> As the United States Court of Appeals for the Third Circuit recently explained:
>
> Generally, "state tolling principles also govern § 1983 claims" unless they conflict with "federal law or policy." Kach, 589 F.3d at 639. "Pennsylvania's fraudulent concealment doctrine tolls the statute of limitations where 'through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry.' " Mest v. Cabot Corp., 449 F.3d 502, 516 (3d Cir. 2006) (quoting Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 556 (3d Cir. 1985)). Even if a plaintiff can establish that the defendant engaged in fraudulent concealment, the statute of limitations "begins to run when the injured party knows or reasonably should know of his injury and its cause." Fine v. Checcio, 582 Pa. 253, 870 A.2d 850, 861 (Pa. 2005).

Montanez v. Secretary, Pennsylvania Dept. of Corrections, __ F. 3d __, __, 2014 WL 3953644, at *5 (3d Cir. Aug. 14, 2014). Moreover, "the continuing violation doctrine does not apply when the plaintiff 'is aware of the injury at the time it occurred.'" Id. (quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n. 6 (3d Cir.2003). Instantly, Plaintiff was aware of the injury to himself in March 2003. The relevant injuries complained of in the Complaint were the allegedly illegal arrest of Plaintiff, the allegedly illegal search of the premises and Plaintiff's car, and the illegal seizure of the property located on the premises and in the car. ECF No. 3, ¶ 47 ("the Plaintiff-Mr. Barren suffered an invasion of his

privacy, unlawful arrest, false imprisonment, substantial property loss . . . .”). We conclude that Plaintiff clearly knew or should have known in March 2003 that his constitutional rights were violated by the Defendants who conducted the arrest, search and seizure and so, any fraudulent concealment that may have occurred does not save Plaintiff’s Complaint. In like manner, because Plaintiff knew or should have known of his injury in March 2003, the continuing violation doctrine does not save his Complaint from the statute of limitations.

As to the allegedly illegal forfeiture of Plaintiff’s property, the Report correctly noted that Plaintiff admitted that he knew that his property was forfeited in 2009. ECF No. 8 at 7 – 8. The Report further noted that Plaintiff did not file the current lawsuit until 2014, more than four years after he discovered that his property was forfeited allegedly without him being notified. In other words, even assuming that there was some fraudulent concealment on the part of the Defendants regarding the forfeiture proceedings, because Plaintiff was aware in 2009 of the allegedly illegal forfeiture proceedings and waited four years to file suit, Plaintiff violated the statute of limitations because the “statute of limitations ‘begins to run when the injured party knows or reasonably should know of his injury and its cause.’” Id. Accordingly, neither the fraudulent concealment doctrine nor the continuing violation doctrine merits rejection of the Report in its conclusion that Plaintiff ran afoul of the statute of limitations regarding the forfeiture proceedings.

The foregoing analysis which finds there was no fraudulent concealment that impacted Plaintiff’s ability to bring suit within two years after discovering the existence of the forfeiture proceedings also adequately disposes of Plaintiff’s Objection 3 because it too is based upon the fraudulent concealment doctrine. ECF No. 9 at 3 (“The cumulative effects of the ongoing fraudulent concealment impacted Mr. Barren’s ability to raise [all] relevant issues to his claim.”).

The Report also found that Plaintiff's claim concerning the alleged unconstitutionality of the forfeiture proceedings was barred by the Rooker-Feldman doctrine because Plaintiff was essentially asking this Court to act in an appellate capacity to the state court's forfeiture proceedings. Plaintiff claims that because he was not given notice of the forfeiture proceedings, the state court forfeiture proceedings were void ab initio. Plaintiff further argues that such a situation where the state court proceedings are void ab initio is an exception to the Rooker-Feldman doctrine. Plaintiff is mistaken.

As the United States Court of Appeals for the Third Circuit has made clear, "Rooker–Feldman precludes federal courts 'from entertaining an action ... if the relief requested effectively would reverse a state court decision or void its ruling.'" In re Dahlgren, 494 F. App'x 201, 203-04 (3d Cir. 2012) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir.2006)). Nothing would void a state court ruling more than a declaration from a federal court that the state court proceedings were void *ab initio*.

Plaintiff's citation to Lambert v. Blackwell, 175 F. 2d 776 (E.D. Pa. 2001)[3] for the proposition that the federal doctrine of federal-state comity is not applicable to state court judgments that are void simply does not apply here because the Report did not apply the doctrine of comity, which is a prudential doctrine,[4] but rather the Rooker-Feldman doctrine which is one of subject matter jurisdiction of the federal courts; and contrary to Plaintiff's implication, the two doctrines are not the same. See, e.g., Briar Meadows Developments, Inc. v. South Centre Township Bd. Of Supervisors, NO. 10-CV-1012, 2010 WL 4024775, at *5 (M.D.Pa., Oct. 13,

---

[3] We note in passing that Lambert was a habeas case, where comity is a dominant doctrine, and that the Lambert decision cited by Plaintiff was subsequently vacated in part by Lambert v. Blackwell, 205 F.R.D. 180 (E.D.Pa. Jan 18, 2002), something Petitioner fails to mention.

[4] See e.g., Levin v. Commerce Energy, Inc., 560 U.S. 413, 432 (2010) ("Comity, we further note, is a prudential doctrine.").

2010) ("Thus, [under the Rooker-Feldman doctrine] a district court may not entertain any claims that were actually litigated in state court or are 'inextricably intertwined' with those claims already adjudicated in a state proceeding. While parallel litigation may render a stay or dismissal appropriate under principles of comity, it does not trigger Rooker–Feldman. This Court simply lacks subject matter jurisdiction to declare that the state court forfeiture proceedings were void.") (citation omitted); In re Wagner, No. 04-18091, 2004 WL 5856048, at *2 (E.D. Pa. Dec. 15, 2004) ("Preclusion is based on federal-state comity and judicial economy; Rooker–Feldman is grounded in the jurisdictional limits of lower federal courts. Regardless of that difference, each doctrine would operate equally to bar this Court from hearing the judgment challenge."). Accordingly, because the Rooker-Feldman doctrine does indeed bar Plaintiff's Complaint as to the claimed illegality of the state court forfeiture proceedings, Plaintiff's Objection 2 does not merit rejection of the Report.

Plaintiff's Objection 4 attacks the Report's reliance on the Rooker-Feldman doctrine. Plaintiff claims that the "Federal Government has [constructive possession] of Mr. Barren's personal property intrinsic to his Complaint" and concludes from this "fact" that federal jurisdiction is properly invoked here. ECF No. 9 at 5.

We are not persuaded. What Plaintiff seeks in this civil action is to have the state court forfeiture proceeding declared null and void. ECF No. 9, ¶ 55 (Plaintiff "prays for judgment in his favor and requests an injunction against Defendant-Robert Colville's orders rendering them a nullity, and void."). Rooker-Feldman squarely precludes this Court from doing so, irrespective of which governmental entity, state or federal, allegedly possesses the forfeited property. Accordingly, Plaintiff's Objection 4 does not merit rejection of the Report.

The remaining five objections by Plaintiff do not merit any specific mention other than to say that we do not find them persuasive.

During the pendency of the Objections, Plaintiff filed two documents. One was a "Plaintiff's Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" ("Plaintiff's Memorandum"). ECF No. 12. The other was an "Amendment to Plaintiff's Complaint" ("the Amendment"). ECF No. 13. In the Amendment, Plaintiff sought to add four defendants to this civil action, all of whom are state court judges: 1) Judge Kate Ford Elliott; 2) Judge Susan Peikes Gantman; 3) Judge Jacqueline Shogan, all three of whom serve as judges on the Pennsylvania Superior Court, and 4) Judge Phil Ignelzi of the Court of Common Pleas of Allegheny County. Plaintiff seeks to sue them for their roles in adjudicating his state court actions for replevin and for return of his forfeited property. Plaintiff alleges that Judge Ignelzi's denial of his replevin action and motion for return of property violated Plaintiff's rights under the Equal Protection clause of the United States Constitution. See ECF No. 13; ECF. No. 12 at 12 – 13. Plaintiff also avers that the Superior Court's affirming of Judge Ignelzi's disposition likewise violated Plaintiff's federal rights.[5] See ECF No. 13. By way of relief, Plaintiff seeks to have this "Honorable Court to grant injunctive relief against the ORDERS of the Defendants in this case." ECF No. 12 at 14.

We deem Plaintiff's Original Complaint, ECF No. 3, to be effectively amended by the filing at ECF No. 13. However, the reasoning above with respect to the Rooker-Feldman

---

[5] This Court takes judicial notice of the opinion of the Pennsylvania Superior Court, in Commonwealth of Pennsylvania v. Sixty Eight thousand Nine Hundred Fifty Dollars in U.S. Currency, No. 1857 WDA 2012 (Pa.Super. Nov. 15 2013), which is the decision, rendered by the three Superior Court Judges named as defendants in the Amendment, that Plaintiff claims violated his federal constitutional rights. The Court also takes judicial notice of the opinion of Judge Ignelzi in denying Plaintiff's replevin actions and motion for return of property. Both opinions are attached hereto as appendices.

doctrine, barring this Court's review of state court adjudications, applies equally to Plaintiff's Amendment and so we dismiss the Amendment for failure to state a claim upon which relief can be granted pursuant to the Prison Litigation Reform Act. Any further attempt to amend would be futile.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 4th day of September, 2014;

IT IS HEREBY ORDERED that the Complaint and the Amendment are dismissed with prejudice pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 8, filed on July 21, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Order. The Clerk is to mark the case closed.

All pending motions are denied as moot.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

s/Nora Barry Fischer
NORA BARRY FISHER
UNITED STATES DISTRICT JUDGE

cc:    The Honorable  Maureen P. Kelly
       United States Magistrate Judge

       David Morris Barren
       09803-068
       Hazelton -U.S. Penitentiary
       Inmate Mail/Parcels
       P.O. Box 200
       Bruceton Mills, WV 26525