IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MORRIS BARREN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-692 |
| | ) | |
| | ) | Judge Nora Barry Fischer/ |
| ALLEGHENY COUNTY, | ) | Chief Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA; WILKINS | ) | |
| TOWNSHIP POLICE DEPARTMENT; | ) | |
| WILKINSBURG POLICE DEPARTMENT; | ) | |
| OFFICE OF THE DISTRICT ATTORNEY | ) | |
| COUNTY OF ALLEGHENY; | ) | |
| PENNSYLVANIA OFFICE OF THE | ) | |
| ATTORNEY GENERAL; SERGEANT | ) | |
| RANDY LAMB; OFFICER ALBERT | ) | |
| STANONIK; OFFICER DAVID | ) | Re: ECF No. 40 |
| BROKAW; AGENT FRAN SPERANZA; | ) | |
| AGENT RICK BOSCO; DETECTIVE | ) | |
| CHARLES KNOX; A.D.A. THOMAS T. | ) | |
| SWAN; JUDGE ROBERT COLVILLE, | ) | |
| *individually and in their official* | ) | |
| *capacities,* | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, Plaintiff's Motion for Reconsideration, ECF No. 40, filed pursuant to Fed.R.Civ.P. 60(b), will be denied.

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on May 29, 2014, and was referred to Chief United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Chief Magistrate Judge, in a Report and Recommendation (the "Report"), ECF No. 8, filed on July 21, 2014, recommended that the Complaint be dismissed pre-service pursuant to the

Prison Litigation Reform Act for failure to state a claim upon which relief can be granted. Plaintiff filed Objections, ECF No. 9, and the Court overruled the Objections, adopted the Report and Recommendation and dismissed the Complaint and the Amended Complaint filed subsequently to the Report for failure to state a claim upon which relief can be granted. ECF No. 14. Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit, which, on June 12, 2015, affirmed the dismissal of Plaintiff's Complaint and Amended Complaint. ECF No. 30-2.

Now, two years later, Plaintiff has filed a "Motion For Reconsideration Of The Court's Dismissal, For Reimbursement of the Filing and Appellate Fees, Or to Reinstate the Civil Rights Complaints" (the "Rule 60(b) Motion"). ECF No. 40. Plaintiff alleges that the jurisdictional basis for the present filing is Fed.R.Civ.P. 60(b) (1)-(2).[1]

---

[1] Fed.R.Civ.P. 60(b) provides as follows:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
> (…footnoted continued)

A "movant under Rule 60(b) bears a heavy burden," and "[w]e view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (internal citations and quotation marks omitted). Relief under Rule 60(b) relief should "be reserved for those cases of injustices which ... are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." U.S. v. Beggerly, 524 U.S. 38, 46 (1998).

In the instant case, Plaintiff has failed to carry the requisite burden to show entitlement to relief Rule 60(b). In an attempt to carry his heavy burden under Rule 60(b), Plaintiff asserts that a decision of the Commonwealth Court of Pennsylvania in a case that he filed in state court, which mirrored this case, renders this Court's dismissal of his Complaint a mistake or inadvertence within the contemplation of Rule 60(b). ECF No. 40 ¶ 14. We are not convinced.

By means of the instant suit, Plaintiff sought, *inter alia*, to attack the validity of the forfeiture proceedings in state court which occurred in 2003, alleging that he was never provided notice of those proceedings. This Court held that Plaintiff's attempted attack on the forfeiture proceedings in state court was barred by the Rooker-Feldman doctrine. ECF No. 8 at 9; ECF No. 10 at 4 – 5. This precise holding was affirmed by the United States Court of Appeals for the Third Circuit. ECF No. 30-2 at 4 – 5.

---

(c) Timing and Effect of the Motion.

>(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

>(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

3

In the state court proceedings, which Plaintiff initiated on July 23, 2015, the Allegheny County Court of Common Pleas dismissed, before service, the complaint that Plaintiff filed therein as frivolous, finding the claims, including the claim concerning the forfeiture proceeding, to be either time-barred or barred by res judicata. Plaintiff appealed to the Commonwealth Court. On September 27, 2016, the Commonwealth Court affirmed in part and vacated in part. ECF No. 40-1. The Commonwealth Court vacated in part, finding that Plaintiff's claim regarding the lack of notice of the forfeiture proceedings was not frivolous because under state law, apparently a statute of limitations analysis is not proper with respect to this claim. Id. at 8 - 9 n. 5.

We fail to see how a state court's adjudication of this claim concerning the alleged due process failings of the forfeiture proceedings, even if the claim is identical to the claim raised in the Complaint that was filed in this Court and dismissed by this Court, renders this Court's dismissal erroneous, mistaken or inadvertent within the meaning of Rule 60(b). Whatever the Commonwealth Court's finding, it does not speak to or otherwise call into question, this Court's holding that the Rooker-Feldman doctrine bars Plaintiff's complaints about the state court forfeiture proceeding in this federal Court. Nor is it surprising that the Commonwealth Court's holding has nothing to say about the federal doctrine concerning federal courts and their relation to state courts, which is what the Rooker-Feldman doctrine concerns, where such concerns are not implicated by state courts acting in an appellate capacity or otherwise to other state courts. Furthermore, even if accepting for the sake of argument that the Commonwealth Court's decision constitutes newly discovered evidence within the meaning of Fed.R.Civ.P. 60(b), the Commonwealth Court's decision has no impact on this Court's holding that Rooker-Feldman barred Plaintiff's claims concerning the forfeiture proceedings. Accordingly, the Rule 60(b) Motion is hereby DENIED.

Plaintiff's request to return any filing fees is also DENIED. Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) ("The [Prison Litigation Reform Act of 1995] makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn."). Accord Brown v. Pennsylvania Dept. of Corrections, 271 F. Appx. 280, 283 n.3 (3d Cir. 2008). Plaintiff will not be receiving a refund and he will continue to have the monies for the remaining balances deducted from his account.[2]

                          BY THE COURT:

                          s/Nora Barry Fischer
                          Nora Barry Fischer
                          United States District Judge

Dated: June 9, 2017

cc: DAVID MORRIS BARREN
    09803-068
    HAZELTON
    U.S. PENITENTIARY
    Inmate Mail/Parcels
    P.O. BOX 2000
    BRUCETON MILLS, WV 26525

    All Counsel of Record via ECF

---

[2] Lastly, we note that for purposes of any appeal from this Order in forma pauperis, Plaintiff has already acquired three strikes. Barren v. Pa. State Police, No. 3:14-cv-134 (W.D. Pa.); Barren v. Pa. State Police, No.14-4221 (3d Cir.); Barren v. Allegheny County, No. 2:14-cv-692 (W.D. Pa.).